```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION
```

| | |
|---|---|
| CAREY A. FORTSON, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 3:13-cv-97 (CDL) |
| CITY OF ELBERTON, JIMMY JORDAN, | * |
| DANIEL WHITE, JOSEPH DAVID, | |
| SCOTT MARUNICH, and MARK WELSH, | * |
| Defendants. | * |

O R D E R

After receiving complaints of loud music and observing evidence of a local ordinance violation, law enforcement officers, without a search warrant, entered Plaintiff's business premises and took photographs of persons and items in plain view. Plaintiff maintains that this conduct violated his Fourth Amendment right to be free from unreasonable searches and seizures. Plaintiff asserts claims under 42 U.S.C. § 1983 against the law enforcement officers who entered his business without a warrant and took photographs, and against their employer, the City of Elberton. Although Plaintiff refers to various legal authorities in his *pro se* Complaint, it is clear from the pleadings and briefing that the focus of his claim is the alleged violation of his Fourth Amendment rights, and therefore, the Court addresses that claim in this Order. The

1

Court declines to speculate about other possible claims one may be able to infer from Plaintiff's allegations.[1]

Plaintiff and Defendants have filed motions for summary judgment. As explained below, the Court finds that the individual Defendants are entitled to qualified immunity, and therefore, Plaintiff's claims against them in their individual capacities must fail. The Court further finds that the claims against the City of Elberton fail because no evidence exists that the City had a policy or practice that played any role in the alleged violation of Plaintiff's Fourth Amendment rights. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 26) is granted, and Plaintiff's Motion for Summary Judgment (ECF No. 22) is denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of

---

[1] Plaintiff makes reference to a state law claim under the Georgia Constitution which appears to be based on the First Amendment right to freedom of association. Compl. ¶ 22, ECF No. 1. The Complaint does not set forth a factual basis for a First Amendment Georgia Constitution claim. And though Plaintiff referenced the claim in his summary judgment brief, he did not point to any evidence in support of it. The Court thus finds that Plaintiff's attempted First Amendment Georgia Constitution claim fails. Plaintiff also claims Defendants violated 18 U.S.C. § 1801, the Video Voyeurism Prevention Act. This Act makes it illegal to "capture an image of a private area of an individual without their consent," and defines "private area" as "the naked or undergarment clad genitals, pubic area, buttocks, or female breast of that individual." 18 U.S.C. § 1801(a) & (b)(3). It does not apply here, and summary judgment is granted in Defendants' favor on that claim.

*material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

## FACTS

In the light most favorable to Plaintiff, the facts reveal the following.  Plaintiff owned and operated Carey's Arcade & Game Room, an establishment with arcade style games, pool tables, and space to rent for private parties.  For the evening of July 20, 2012, Plaintiff rented space at the Game Room to Jackie Hamm for a birthday party.  Plaintiff did not have a liquor license and thus could not sell alcohol at the Game Room.  But guests at the birthday party paid a cover charge which entitled them to "all they could drink."  During the party, Officer Joseph David of the Elberton Police Department received a noise complaint from police dispatch, alerting him to loud music at the Game Room.  He arrived on the scene around 12:38 a.m. and observed that loud music escaped the building whenever a door opened.  He left the Game Room without taking any official action.  Less than an hour later Officer David received

a second complaint requiring him to return to the Game Room.  On his second return, Officer David informed an individual outside the Game Room that he would shut down the party if he received additional complaints.  Officer David left the Game Room without taking further action.

After Officer David left the Game Room on this second occasion, the police department received a third complaint.  Officer David returned to the Game Room in response to that complaint.  On this occasion, Officer David, who was accompanied by Captain Jimmy Jordan, heard "loud music" emanating from the Game Room while standing outside the building.  He also smelled "a strong odor of marijuana in the air" outside but in close proximity to the building.  David Dep. Ex. P-4, Incident Report, ECF No. 32-1.  According to Plaintiff, by the time the officers arrived this third time the lights inside the Game Room were turned on and patrons were leaving the party.  Defs.' Mot. for Summ. J. Ex. A, Fortson Dep. 60:2-12, ECF No. 26-3. Nevertheless, Officer David and Captain Jordan entered the building without a search warrant.  While Officer David told the DJ to turn off the music, Captain Jordan took photographs of the inside and outside of the Game Room to document a possible ordinance violation.[2]  Jordan Dep. 5:8-10, ECF No. 35.  The

---

[2] It is a violation of the Elberton Code of Ordinances § 28-20 for "[a]ny person [to] keep[] and maintain[], either by himself or others, a common, ill-governed and disorderly house, to the encouragement of gaming, drinking,

4

purpose of the photographs was to show "the crowd and alcohol being served." Jordan Dep. 6:4-8. One photograph shows an open cooler of beer inside the building. All items depicted in the photographs were in plain view. The officers were in the Game Room for five to eight minutes, and they left without issuing a citation or arresting or detaining anyone. Fortson Dep. 63:7-12.

Plaintiff alleges that Officer David and Captain Jordan violated his Fourth Amendment rights by entering the Game Room and taking photographs without a warrant or probable cause. He also names their municipal employer, the City of Elberton, as a Defendant. Plaintiff also named officers Scott Marunich, Mark Welsh, and Daniel White as Defendants. He makes no specific factual allegations against White. The only factual allegations against Marunich and Welsh are that Marunich sent an email to Officer Welsh alerting him to the party at the Game Room. Plaintiff also contends that police responded to noise complaints on two other evenings and that a "general police presence" was bad for his business. Fortson Dep. 97:4-18; 99:22-100:1.

---

illicit drug activity, or other misbehavior, to the common disturbance of the neighborhood or orderly citizens." Elberton Code of Ordinances § 28-20, available at http://www.cityofelberton.net/Code%20of%20Ordinances/ordinances/index2.htm.

DISCUSSION

**I.   Claims Against the Individual Officers**

The individual officers argue that they are entitled to qualified immunity. In resolving questions of qualified immunity at summary judgment, the Court generally engages in a two-pronged inquiry. The first prong asks whether the facts "taken in the light most favorable to the party asserting the injury show the officer's conduct violated a federal right." *Tolan v. Cotton,* 134 S. Ct. 1861, 1865 (2014) (per curiam) (internal quotation marks omitted). The second prong asks "whether the right in question was 'clearly established' at the time of the violation." *Id.* at 1866; *see also Hope v. Pelzer,* 536 U.S. 730, 739 (2002). This second prong recognizes that "[g]overnmental actors are shielded from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of которой a reasonable person would have known." *Tolan,* 134 S. Ct. at 1866 (internal quotation marks omitted)*.* To make that determination, the Court must determine "'whether the state of the law at the time of an incident provided 'fair warning' to the defendants 'that their alleged [conduct] was unconstitutional.'" *Id.* (quoting *Hope,* 536 U.S. at 741) (alteration in original).

This Court may address these two prongs in whatever order it deems appropriate. *Pearson v. Callahan,* 555 U.S. 223, 236 (2009). Under the circumstances presented here, the Court finds it appropriate to address the second prong first—whether the law at the time Defendants entered the Game Room provided fair warning to Defendants that they would be violating the owner's Fourth Amendment Rights by entering the establishment without a warrant after receiving three complaints of loud noise and smelling marijuana outside the premises and then taking photographs of persons and items in plain view.

To establish a Fourth Amendment claim, Plaintiff must show (1) "that a search and seizure occurred of his person, house, papers, or effects, and that said search was conducted by an agent of the government;" and (2) "that the challenged search and seizure was 'unreasonable.'" *Ball v. State of Ga.*, 733 F.2d 1557, 1559-60 (11th Cir. 1984). Plaintiff has pointed the Court to no case law finding that conduct similar to the conduct challenged here violated the Fourth Amendment. And the Court has found none. Moreover, the Court finds that the Fourth Amendment's general prohibition against unreasonable searches would not have alerted these Defendants that their specific conduct under the unique circumstances they confronted would violate the Fourth Amendment. Defendants responded to citizens' complaints about excessive noise emanating from the Game Room.

7

They did not enter Plaintiff's premises until the loud noise persisted and they concluded that the establishment may be in violation of a local ordinance. On entering the premises, they noticed evidence in plain view that supported their belief that the ordinance was being violated. And they took photographs of that evidence, which could easily be removed from the premises. The Court need not decide today whether Defendants' conduct under these circumstances actually violated the Fourth Amendment. All the Court needs to decide is whether it would have been clear to reasonable officers in Defendants' position that their conduct in the situation they confronted violated the Fourth Amendment. *Wood v. Moss*, No. 13-115, 2014 WL 2178340 at *8 (S. Ct. May 27, 2014). The Court easily answers this question in favor of the Defendant officers. Accordingly, Defendants are entitled to qualified immunity, and their motion for summary judgment is granted.

**II.  Claim Against the City of Elberton**

A § 1983 claim against a municipality cannot be based on principles of respondeat superior. *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691 (1978). Even if a municipality's employee engages in unconstitutional conduct, the municipality can only be found liable if its policy or practice was a moving force in the violation. *Id.* at 694. Plaintiff has pointed to no evidence from which a reasonable jury could

conclude that the City of Elberton had a policy or practice that was a moving force behind the alleged Fourth Amendment violation asserted here. Accordingly, the City's motion for summary judgment is granted.

## CONCLUSION

For the reasons explained in this Order, Defendants' Motion for Summary Judgment (ECF No. 26) is granted, and Plaintiff's Motion for Summary Judgment (ECF No. 22) is denied.[3] Defendants are entitled to judgment on all of Plaintiff's claims.

IT IS SO ORDERED, this 4th day of June, 2014.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[3] Defendants also submitted a Motion to Dismiss (ECF No. 28). That Motion is now moot.